IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Robert Selest Drayton, #280585, | ) | |
| | ) | Civil Action No. 8:10-2079-HFF-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | **)** | **OF MAGISTRATE JUDGE** |
| Jon Ozmint, Director of South Carolina | ) | |
| Dept of Corrections; Warden Bernard | ) | |
| McKie, Kirkland Correctional Inst.; | ) | |
| Lieutenant Beckett; Sergeant Hooks; | ) | |
| Nurse Jerry; Lieutenant Ericka Martin; | ) | |
| Ofc. Finley, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the Plaintiff's Motion to Appoint Counsel, for a Temporary Restraining Order and a Preliminary Injunction (Dkt. # 24), Motion for a Preliminary Injunction (Dkt. # 30), and Third Motion to Appoint Counsel (Dkt. # 32).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

**Motions for Temporary Restraining Order and Injunction**

The Plaintiff has filed Motions for a Temporary Restraining Order and a Preliminary Injunction. (Dkt. # 24 and 30.)

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establish es a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, — U.S. ----, 129 S.Ct. 365 (2008). *See Neiswender v. Bank of America*, No. 09-2595, 2009 W L 1834406, at *1 (N.D.Cal. June 23, 2009) ("A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction.").

In his Complaint, the Plaintiff is raising claims that his constitutional rights were violated by the Defendants while he was incarcerated in the Kirkland Correctional Institution. The Plaintiff is currently incarcerated at the Ridgeland Correctional Institution

and, in his motions for preliminary relief, he is seeking an order directed only at employees of the Ridgeland Correctional Institution, who are not named as Defendants in this action. The Court cannot issue an order directed at non-parties. Accordingly, the Plaintiff's motions for preliminary injunction and a temporary restraining orders should be denied.

**Motions to Appoint Counsel**

The Plaintiff has also filed motions to appoint counsel. (Dkt. # 24 and 32.) There is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984). This court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The court, however, may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The Fourth Circuit has stated that the existence of exceptional circumstances "will turn on the quality of two basis factors - the type and complexity of the case, and the abilities of the individuals bringing it." *Brock v. City of Richmond*, 983 F.2d 1055 (4th Cir.1993) (quoting *Whisenant,* 739 F.2d at 163).

After a careful review of the pleadings and other documents the plaintiff has filed with the court, the court finds that, at this time, this is not the type of case which presents factors that clearly reflect a need for the Plaintiff to have counsel appointed. The case itself does not appear atypically complex and the Plaintiff has shown himself more than

able to represent his interests to this point in the lawsuit. The Plaintiff's participation in this case has been more than adequate.[1]

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion to Appoint Counsel, for a Temporary Restraining Order and Injunction (Dkt. # 24) , Motion for a Preliminary Injunction (Dkt. # 30) and Third Motion to Appoint Counsel (Dkt. # 32) be DENIED.

IT IS SO RECOMMENDED.


s/Bruce Howe Hendricks
United States Magistrate Judge

November 3, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page.**

---

[1]Again, the Plaintiff raises allegations that his constitutional rights are being violated as to his access to law books and the law library against employees at the Ridgeland Correctional Institution, who are not parties to this action. The Plaintiff is free to bring a separate action raising such allegations, but these allegations cannot be litigated against the Defendants named in the current action.