IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robert Selest Drayton, | ) |
| | ) CA No. 2:10-2079-TMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Jon Ozmint, Director of South Carolina Department of Corrections; Bernard McKie, Kirkland Correctional Institution Warden; Lieutenant Beckett, Kirkland Correctional Institution; Sergeant Hooks, Kirkland Correctional Institution; Nurse Jerry NLN, Kirkland Correctional Institution a/k/a Jerry Castillo; Officer Finley, Kirkland Correctional Institution; and Lieutenant Ericka Martin, Kirkland Correctional Institution, | ) |
| Defendants. | ) |

Plaintiff Robert Selest Drayton (Drayton) filed this complaint against the defendants, various current and former employees of Kirkland Correctional Institution (KCI), pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights. (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. (Dkt. No. 129.)[1] The Report recommends granting the defendants' motion for summary judgment. (Dkt. No. 112.) The court adopts the Report and grants the defendants' motion for

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

summary judgment. (Dkt. No. 112.)

# I.
## A.

The Report adequately sets out the facts and procedural history, and the court incorporates the Report here. (Dkt. No. 129.) Briefly, Drayton's § 1983 claims arise from an alleged incident involving an assault by his cellmate and the various defendants' responses to the alleged incident. In the Report, the magistrate judge recommended granting the defendants' motion for summary judgment.[2] First, the magistrate judge recommended granting the motion for summary judgment as to claim six and claims eight through eleven for failure to exhaust remedies. (*Id*. at 8–12.)[3] As to the remaining claims, the magistrate judge recommended granting summary judgment because Drayton failed to establish than any of his constitutional rights were violated. (*Id*. at 12–20.)

Drayton timely filed objections to the Report. (Dkt. No. 131.) In his objections, Drayton reiterated his request for the court to deny the motion for summary judgment because he has not had the opportunity to present testimony from witnesses on his behalf. (*Id*. at 1.) Additionally, he reiterated his allegations, contained in complaint one, against defendants Beckett and Hooks. (*Id*. at 2.) As to all other claims, Drayton failed to file specific objections. Therefore, the court grants the defendants' motion for summary judgment as to claims two through eleven. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only

---

[2] The magistrate judge also recommended dismissing the complaint as to defendant Castillo for failure to effectuate service of process. (Dkt. No. 129 at 6–8.) The court concurs with this recommendation.

[3] In the motion for summary judgment, the defendants presented Drayton's allegations as eleven separate claims. (Dkt. No. 112-1 at 2–3.) The Report adopted this rubric, as does the court here. (Dkt. No. 129 at 9–10.)

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (internal quotations omitted); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (stating that in the absence of specific objection, this court is not required to provide an explanation for adopting the recommendation).[4]

**B.**

Under the Federal Rules of Civil Procedure, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(a), Fed. R. Civ. P. "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Turning now to the objections, as to the first objection, that Drayton has not had opportunity to present witnesses to corroborate his allegations, the court adopts the recommendation of the magistrate judge. (Dkt. No. 129 at 5–6 n.1.) The magistrate judge correctly noted that, at the summary judgment stage, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." (*Id*. (citation omitted).) While the additional corroborating testimony could be helpful to bolster Drayton's testimony at trial, the court already views the evidence submitted by Drayton in his favor, as the nonmoving party, at the summary judgment stage. Therefore, the court declines to deny the motion for summary judgment based on Drayton's objection.

---

[4] Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

As to Drayton's second objection, the re-allegations against defendants Beckett and Hooks, the court adopts the Recommendation of the magistrate judge. Drayton merely reiterates his claims here, and in determining that Drayton had not created a genuine issue of material fact, the magistrate judge adequately and thoroughly addressed these claims. Briefly, as the magistrate judge noted, negligence, in general, is not actionable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345–48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987). Even accepting the facts in the light most favorable to Drayton, as the court is required to do under the summary judgment standard, Beckett and Hooks were no more than merely negligent. As such, the court adopts the recommendation and grants the motion for summary judgment as to Beckett and Hooks.

## II.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 129.) It is therefore **ORDERED** that the motion for summary judgment (Dkt. No. 112) is **GRANTED**. As to defendant Castillo, the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
February 16, 2012

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.